THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
ANOIEL KHORSHID (Cal. Bar No. 223912)
Assistant United States Attorney
    Room 7516 Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone:  (213) 894-6086 [Khorshid]
    Facsimile:   (213) 894-7819 [Main]
    Email: Anoiel.Khorshid@usdoj.gov

Attorneys for Defendant
the United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ADAM YAGLE, an individual; and QUIANA GODINEZ, an individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA, and DOES 1 through 10 inclusive,<br><br>    Defendants. | Case No. CV 08-5594 R (PJWx)<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**<br><br><br><br>Honorable Manuel L. Real |

The Motion for Summary Judgment of Defendant the United States of America came on regularly for hearing on August 24, 2009, before the Honorable Manuel L. Real, United States District Judge, in Courtroom 8 of the Federal Courthouse, 312 N. Spring Street, Los Angeles, California 90012. The Court having considered the pleadings, evidence presented, memorandum of points and authorities, and the oral argument at the time of the hearing, the Court makes the following findings of fact

and conclusions of law:

## STATEMENT OF UNCONTROVERTED FACTS

1. On Saturday, April 29, 2006, Mr. Yagle was riding his all-terrain-vehicle in the Steele Peak limited use area.

2. The United States, through the United States Bureau of Land Management, administers the Steele Peak limited use area, which is located in Riverside County, west of Perris, California.

3. The Steele Peak limited use area is utilized by the public for various recreational activities including all-terrain vehicle riding.

4. The United States does not exact a charge for members of the public to use for recreational purposes the Steele Peak limited use area.

5. Plaintiff Adam Yagle entered the Steele Peak limited use area, for the purpose of recreational all-terrain-vehicle riding.

6. Plaintiff Yagle was engaged in a recreational activity that contained a potential risk of injury.

7. While riding his all-terrain-vehicle uphill, Plaintiff Yagle fell into the vertical shaft of an abandoned mineshaft located in the Steele Peak limited use area.

8. The vertical mineshaft was not located on or visible from any designated route.

9. To reach the vertical shaft, Plaintiff Yagle needed to travel off-road, uphill, and off designated routes with his all-terrain vehicle in an area that consisted of natural and hilly terrain, inherently uneven areas, and vegetation.

10. Signs were posted in the area advising recreational riders to stay on designated routes and specifically, not to climb hills.

11. At the time of the accident there had been no other reported cases of accidents at the mineshaft at issue or on other proximate BLM land.

12. Plaintiffs do not allege in their Complaint that Defendant United States acted willfully or maliciously.

13. Plaintiffs do not allege that Plaintiff Yagle was an express invitee of Defendant United States.

14. Plaintiffs are not legally married but rather are in a common law relationship.

15. If any of the foregoing statements of uncontroverted facts are deemed to be conclusions of law, they are hereby incorporated as a conclusion of law.

Based on the foregoing Uncontroverted Facts, the Court now makes its,

## **CONCLUSIONS OF LAW**

1. Plaintiffs bring this action for money damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(c) and 2672, *et seq.*

2. The Court has jurisdiction in this action pursuant to 28 U.S.C. § 1346(b).

3. The Court must grant summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R.Civ.P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986) (mandating summary judgment "against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

4. Under the FTCA, the United States is only liable "if a private person would be liable to the claimant in accordance with the law of the place where the act or omission to act occurred." 28 U.S.C. §1346(b); *see also Termini v. United States*, 963 F.2d 1264, 1265-66 (9th Cir. 1992).

5. Because the alleged negligent acts occurred in California, the liability of the United States, if any, is governed by the substantive law of that State. *See, e.g., Richard v. United States*, 369 U.S. 1 (1961).

6. The United States is to be considered a private landowner for the purposes of this action. *See Ravell v. United States*, 22 F.3d 960, 961 (9th Cir. 1994) ("That means that the United States must be treated as a private person for purposes of our analysis, even if a different rule would apply to California governmental

1 | entities.").

2 |     7.    The United States is afforded immunity from Plaintiffs' action pursuant to California's Recreational Use Statute, California Civil Code Section 846. *See Mansion v. United States*, 945 F.2d 1115, 1116 (9th Cir. 1991) (concluding that California's Recreational Use Statute immunizes the United States from liability and affirming summary judgment against Plaintiff); *see also Toomey v. United States*, 714 F. Supp. 426 (E.D. Cal. 1989) (stating that the statutory insulation of private landowners from liability afforded by California law applies equally to the United States as well).

    8.    Under California law, a private landowner is generally not liable for negligence to persons coming onto the land for recreational purposes. Specifically, pursuant to California's Recreational Use Statute:

> An owner of any estate or any other interest in real property, whether possessory or nonpossessory, owes no duty of care to keep the premises safe for entry or use by others for any recreational purpose or to give any warning of hazardous conditions, uses of, structures, or activities on such premises to persons entering for such [recreational] purpose, except as provided in this section.

Cal. Civ. Code §846 (2007).

    9.    The "recreational purpose" insulated under the statute includes "all . . . types of vehicular riding[.]" Cal. Civ. Code § 846.

    10.    California's Recreational Use Statute provides broad immunity to landowners. The statute explicitly states that landowners who make their land available for recreational use free of charge:

> do[] not thereby (a) extend any assurance that the premises are safe for such purpose, or (b) constitute the person to whom permission has been granted the legal status of an

>invitee or licensee to whom a duty of care is owed, or (c) assume responsibility for or incur liability for any injury to person or property caused by any act of such person to whom permission has been granted except as provided in this section.

Cal. Civ. Code §846 (2007).

11. There are two elements as a precondition to immunity under California's Recreational Use Statute: "(1) the defendant must be the owner of an 'estate or any other interest in real property, whether possessory or nonpossessory;' and (2) the plaintiff's injury must result from the 'entry or use [of the "premises"] for any recreational purpose.'" *Ornelas v. Randolph,* 4 Cal.4th 1095, 1100, 17 Cal.Rptr.2d 594, 847 P.2d 560 (1993). The United States meets these preconditions.

12. The acts or omissions, if any, of the United States in the instant case do not rise to the level of wilful and malicious conduct. *See, e.g.*, *Mattice v. United States*, 969 F.2d 818, 823 (1992) (holding that notwithstanding the government's awareness of nine prior accidents on the National Park road within the prior ten year period, the government's conduct in failing to install roadway safety features did not rise to the level of wilful and malicious conduct but rather was, at most, negligence of a type immunized by the recreational use statute); *Spires v. United States*, 805 F.2d 832, 834 (9th Cir.1986) (stating that the resulting harm must be "highly probable"); *Gard vs. United States*, 594 F.2d 1230 (9th Cir. 1979) (affirming summary judgment for a fall down a mine shaft, observing that even where state law required that the mine be fenced off, the failure to have done so constituted negligence and not wilful activity).

13. To reach the vertical shaft, Plaintiff Yagle was in violation of 43 CFR 8341.1 ("Any person operating an off-road vehicle on those areas and trails designated as limited shall conform to all terms and conditions of the applicable designation orders. [] The operation of off-road vehicles is prohibited on those areas and trails

closed to off-road vehicle use. [] No person shall operate an off-road vehicle on public lands: (1) In a reckless, careless, or negligent manner; [] (4) In a manner causing, or likely to cause significant, undue damage to or disturbance of the soil, wildlife, wildlife habitat, improvements, cultural, or vegetative resources or other authorized uses of the public lands.[]"); *see also* 43 CFR 8341.1(b) ("Any person operating an off-road vehicle on those areas and trails designated as limited shall conform to all terms and conditions of the applicable designation orders.")

14. As a matter of law, Plaintiffs' tort claims against Defendant United States are barred by California's Recreational Use Statute.

15. "In California, only ceremonial marriages may be contracted." *Etienne v. DKM Enterprises, Inc.*, 136 Cal.App.3d 487, 489, 186 Cal.Rptr. 321, 322 (Cal. App. 1982) (citing Cal. Civ. Code § 4100).

16. California does not recognize common law marriages. *See Elden v. Sheldon*, 46 Cal.3d 267, 277, 758 P.2d 582, 589, 250 Cal.Rptr. 254, 261 (1988) (declining to permit recovery for loss of consortium to "unmarried cohabiting couples with a 'stable and significant relationship . . . parallel to a marital relationship'" where plaintiff argued that he was entitled to recover for loss of consortium even though he and the decedent had never married).

17. As a matter of law, Plaintiffs cannot make a claim for loss of consortium.

///
///
///
///
///
///
///
///
///

18. Judgment shall be entered in favor of Defendant the United States of America, and against Plaintiffs Adam Yagle and Quiana Godinez.

DATED: August 25, 2009

_____
Honorable Manuel L. Real
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

       //s//
_____
ANOIEL KHORSHID
Assistant United States Attorney

Attorneys for Defendant
the United States of America